IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROSE M. CASTILLO,

    Plaintiff,

v.                                                             No.Civ. 97-989 JC/WWD

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1. This matter comes before the Court upon plaintiff's Motion to Reverse and Remand for a Rehearing, filed March 10, 1998 [9-1]. The Commissioner denied plaintiff's request for Supplemental Security Income (SSI) benefits. Plaintiff, age 51, alleges a disability due to musculoskeletal problems.

    2. After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") denied the application, concluding that Ms. Castillo was able to perform at least medium work, which exceeded the light exertional level required of her past relevant work as a custodian, and that she therefore was not disabled. The Appeals Council denied Ms Castillo's request for review, thus the ALJ's decision is the final decision of the Commissioner. Plaintiff now seeks review pursuant to 42 U.S.C. §405(g).

    3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993)(citations omitted). Additionally, the

Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

4. Plaintiff raises the three following allegations of error with respect to the ALJ's decision: (1) the ALJ improperly found the mental impairment to be nonsevere; (2) the ALJ failed to provide a full and fair hearing; and (3) the RFC [residual functional capacity] finding is legally incorrect.

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson at 1486 (citing 42 U.S.C. § 1382c(a)(3)(A)). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. § 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

6. At the first four levels of the evaluation, the claimant must show: (1) that she is not working; (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that she is unable to perform work done in the past. At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work. Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

7. Ms. Castillo complains mainly of low back pain which is "continuous," begins in the lower back and extends to her legs, and worsens with sitting. Tr. at 97, 101. She has not worked since 1989 or 1990, when she suffered an injury to her lower back while working as a custodian at

Albuquerque Public Schools. Tr. at 26. A discectomy was subsequently performed and she was eventually given medical leave to return to work full-duty. However, plaintiff reports that she was no longer able to perform her job. Tr. at 97, 102.

8. Ms. Castillo lives with her daughter, who does most of the housework, but plaintiff helps with the meal preparation. Tr. at 98. She rarely goes out although friends come to visit. Plaintiff spends her day reading and watching television. She indicated that she has no hobbies because the pain has caused her to lose interest in doing anything. Tr. at 98.

9. Ms. Castillo stated that her knees swell when she stands more than an hour at a time. Because the pain worsens with sitting, she spends more time standing, which as a result increases the swelling. Consequently, she reports spending much of the day lying down. Tr. at 98.

10. Plaintiff saw Carlos Balcazar, M.D. in October 1994 for a psychiatric evaluation and Donna Deming, M.D. for a consultative medication examination. Ms. Castillo told Dr. Deming that she uses Advil, as well as heroin once or twice a month, for her back pain. Tr. at 98. She told Dr. Balcazar that although she used to use heroin mixed with cocaine to relieve her pain, she has stopped using these drugs herself, and at that time was using only Advil and a heating pad. Tr. at 101.[1] Plaintiff told the ALJ at the hearing that the heating pad relieved her pain "a lot." Tr. at 33.

**First Alleged Error**

11. Plaintiff contends that the ALJ improperly found the mental impairment to be nonsevere. The majority of references in the record to plaintiff's depression comes from her own

---

[1] Both reports a indicate that plaintiff had started a methadone program in November 1993, but did not complete it. Tr. at 98, 101.

3

reporting. Tr. at 85, 90-93, 120. However, there is Dr. Balcazar's report, which, although it includes statements by plaintiff to the doctor, also contains the doctor's opinion. Dr. Balcazar reported that Ms. Castillo's mood was "slightly on the depressed side" and detected the "presence of light anxiety." Tr. at 102. However, he noted that plaintiff's depression was "fairly well controlled" by medication as were her occasional anxiety attacks. Tr. at 103.

    12. Plaintiff's assertions that Dr. Balcazar's report was insufficient as an assessment of plaintiff's mental residual functional capacity are unfounded. An appropriate evaluation includes consideration of the ability to understand, to carry out and remember instructions, and to respond appropriately to supervision, coworkers, and customary work pressures in a work setting. SSR 85-16. I find that plaintiff's mental residual functional capacity was adequately evaluated according to the proper legal standard and is based on substantial evidence. Dr. Balcazar opined that

> [Ms. Castillo] has adequate judgment to plan a simple work sequence. I think that she has the capacity to use tools and materials for simple jobs, as well as the capacity to perform one or two-step repetitive tasks at a competitive rate. I would not foresee difficulty in her interaction with co-workers and supervisory personnel. [Tr. at 103]

Dr. Balcazar also stated that it was his opinion that plaintiff's "main handicap . . . is of a physical nature and it should be medically appraised." Tr. at 103.

    13. Further, the fact that the ALJ completed the Psychiatric Review Technique Form ("PRT") instead of a mental health professional is not a reason to remand. In fact, as the Commissioner points out, it is an accepted procedure. See Bernal v. Bowen, 851 F.2d 297, 302-03 (10th Cir. 1988). In this case, the ALJ found that plaintiff's mental impairment presented no functional limitations. These findings are not inconsistent with Dr. Balcazar's opinion.

4

14.   At first glance, the ALJ's decision appears to dismiss plaintiff's alleged mental impairment at step two.[2]  However, the findings reflect further inquiry into the subsequent evaluation levels which satisfied the special procedures for mental impairments.  A review was made of the impairment as well as its effect on functional limitations and treatment.  See Andrade v. Sec'y of Health & Hum. Serv., 985 F.2d 1045, 1048-49 (10th Cir. 1993); Robertson v. Chater, 900 F.Supp. 1520, 1528 (D.Kan. 1995).  Therefore, I find that plaintiff's first allegation does not warrant remand or reversal.

**Second Alleged Error**

15.   Plaintiff next contends that the ALJ failed to provide a full and fair hearing.  I agree with plaintiff that it seems curious for the ALJ to announce that he would be making a "favorable decision," Tr. at 33, and then do just the opposite.[3]  Plaintiff contends that she was cut off from presenting additional testimony about her "exertional impairment" and about depression and anxiety.

16.   Plaintiff and her non-attorney representative should have been given every opportunity to present the available evidence.  Mandrell v. Weinberger, 511 F.2d 1102 (10th Cir. 1975) (reviewing court should construe the Social Security Act liberally to allow inclusion rather than exclusion).  Ms. Castillo should have been allowed to testify on matters which were relevant to her application.  Jordan v. Heckler, 835 F.2d 1314, 1315 (10th Cir. 1987); Hawkins v. Chater, 113 F.3d 1162 (10th Cir. 1997) (social security disability hearing is a nonadversarial proceeding, in

---

[2]  In his decision, the ALJ did not categorize the findings according to step levels.

[3]  The ALJ also told plaintiff's family, who attended the hearing, that plaintiff would be financially helped "somewhat by what I give her here to go have it [back surgery] done." Tr. at 35.

5

which the ALJ has a basic duty of inquiry, "to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts").

17.     I need not determine here whether the ALJ's remarks effectively cut off the ability of plaintiff's representative to present additional testimony, thus denying plaintiff of a full and fair hearing, because of my recommendation to remand this case for a rehearing on other issues (see, third alleged error, below).  Also, although I find that the ALJ's decision regarding plaintiff's mental impairment is based on substantial evidence from the present record, on rehearing plaintiff may introduce the testimony she would have given initially.  The ALJ should consider this evidence in deciding whether to alter his decision regarding mental impairment.

**Third Alleged Error**

18.     Plaintiff alleges that the RFC finding is legally incorrect.  Specifically, plaintiff contends that the ALJ gave more weight to the opinion of a non-examining doctor than to the consulting physician.  It would have been helpful if plaintiff were specific about which physicians she refers to.  See Mem. at 8.  However, I agree that the ALJ's conclusion that plaintiff can perform at least medium level work, which exceeded the level of her past relevant work, is not supported by substantial evidence.

19.     Plaintiff told Dr. Deming, who physically examined Ms. Castillo, that she can carry up to ten pounds, stand or walk for only 15 minutes at a time and that she kept sitting to a minimum.  Tr. at 98.[4]  In his decision, the ALJ relied on the July 1974 residual functional capacity

---

[4] Sedentary work involves lifting no more than ten pounds at a time, no more than two hours of walking and standing a day, and a total of six hours of sitting a day.  SSR 83-10; 20 C.F.R. § 404.1567(a).  Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds, requires a good deal of walking, standing, or pushing and pulling when sitting is involved.  Id.; 20 C.F.R. § 404.1567(b).

assessment done by Dr. Walker of the New Mexico Disability Determination Unit who, without having examined plaintiff (no physical exam notes are included in the record), nevertheless opined that she is able to lift 25 pounds frequently and 50 pounds occasionally and can stand or walk about 6 hours in an 8-hour day.  Tr. at 48-52.

20.  The residual functional capacity assessment done by Dr. Walker for SSA notes "mild to moderate swelling" in plaintiff's right knee.  Tr. at 49.  Dr. Deming similarly noted mild to moderate swelling of the right knee with tenderness in the medial aspect of the spine, and that plaintiff had a history of swelling with "prolonged standing."  Tr. at 99, 100.  Dr. Deming's physical examination revealed muscle wasting, full range of motion except for plaintiff's back, and an inability to squat or walk on toes or heels because of anticipated pain.  Tr. at 99.  Dr. Deming diagnosed Ms. Castillo with chronic low back pain with radiation to the lower extremities.  Tr. at 100.

21.  The ALJ did not explain why he chose not to rely on Dr. Deming's report, contrary to the correct legal standard.  See Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position").  Also,  because the ALJ relied on the conclusions of a physician hired by the SSA and who did not examine the plaintiff, the residual functional capacity determination is suspect, in that I cannot find that it is based on substantial evidence.  Cmp., Gathright v. Shalala, 872 F. Supp, 893, 898 (D.N.M. 1993).

22.  In sum, I find that the ALJ did not improperly find the mental impairment to be nonsevere, and that the RFC finding is legally incorrect and not based on substantial evidence . I need not make findings on the second alleged error, given my recommended disposition of the

7

case.

## Recommendation

I recommend that plaintiff's Motion to Reverse and Remand for a Rehearing, filed March 10, 1998 [9-1], should be granted and that this cause be remanded to the Commissioner in order to conduct a rehearing on plaintiff's residual functional capacity consistent with the findings above, and if necessary, obtain an additional medical consultation. On remand, plaintiff should be allowed to introduce any testimony and evidence which she would have given at the initial hearing, including testimony on depression and anxiety. The ALJ should consider this evidence to reevaluate, if necessary, his decision regarding mental impairment. Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE